# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| MARK EDWARD GRAY, | : | CASE NO. 07-22331 |
| | : | |
| | : | JUDGE BRIZENDINE |
| DEBTOR. | : | |
| _____ | : | |
| | : | |
| DONALD F. WALTON, | : | |
| UNITED STATES TRUSTEE, | : | |
| | : | |
| PLAINTIFF | : | |
| | : | |
| -vs- | : | ADVERSARY NO. _____ |
| | : | |
| MARK EDWARD GRAY, | : | |
| | : | |
| DEFENDANT. | : | |
| _____ | : | |

## COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE AND FOR OTHER RELIEF

COMES NOW, Donald F. Walton, United States Trustee, by counsel, and pursuant to 11 U.S.C. § 727(a), files this complaint against the Debtor, Mark Edward Gray, asking the Court to deny the granting of a discharge to the Debtor in this case. In support of his complaint, the United States Trustee states the following:

1. This Court has jurisdiction over this case and this Adversary proceeding pursuant to 28 U.S.C. § 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

3. This Adversary proceeding arises out of and relates to the Debtor's chapter 7 case, case number 07-22331-REB in Bankruptcy Court for the Northern District of Georgia, Gainesville

Division, and constitutes a core proceeding.

4. The Debtor filed his petition seeking relief under chapter 7 of the Bankruptcy Code in this Court on November 6, 2007.

5. In accordance with 11 U.S.C. § 701, the United States Trustee appointed Bradley J. Patten to serve as Debtor's Chapter 7 Trustee (herein "Trustee").

6. The First Meeting of Creditors in this case was originally scheduled for December 10, 2007.

7. By consent of the parties the time for filing a complaint objecting to the discharge expires on December 1, 2008. This complaint is timely filed.

8. This complaint initiates an adversary proceeding as defined by Fed. R. Bankr. P. 7001(4).

## Counts I, II and III

9. In executing his chapter 7 petition, Debtor placed his signature on the petition indicating in part:

> I declare under penalty of perjury that the information provided in this Petition is true and correct.

10. Debtor placed his signature on a document titled, "Declaration Concerning Debtor's Schedules." Through this declaration, the Debtor indicated:

> I declare under the penalty of perjury that I have read the foregoing summary and schedules, consisting of 20 sheets... and that they are true and correct to the best of my knowledge, information, and belief.

11. Debtor placed his signature on a document at the end of his Statement of Financial Affairs on which he makes the following statement:

> I declare under penalty of perjury that I have read the answers contained in

the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

12. Schedule B, line 2 of the petition requires the Debtor to list and disclose all interests in "Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives."

13. The Debtor's answer to Schedule B, line 2 was "Bank of America" with a value of $100.

14. The Debtor knowingly failed to disclose his interest in numerous checking, savings or other financial accounts and certificates of deposit. Upon information and belief, the Debtor at the time of filing had an interest in checking, savings or other financial accounts or certificates of deposit that were intentionally not disclosed.

15. Question 3(a) of the Statement of Financial Affairs provides the following instruction:

> List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $600.

16. The Debtor's answer to Question 3(a) of his Statement of Financial Affairs was "none."

17. Question 3(c) of the Statement of Financial Affairs provides the following instruction:

> List all payments made within **one year** immediately preceding the commencement of the case to or for the benefit of creditors who are or were

3

insiders.

18. The Debtor's answer to Question 3(c) of his Statement of Financial Affairs was "none."

19. Question 7 of the Statement of Financial Affairs provides the following instruction:

> List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.

20. The Debtor's answer to Question 7 of his Statement of Financial Affairs was "none."

21. Question 10 of the Statement of Financial Affairs provides the following instruction:

> List all other property, other than property transferred in the ordinary course of business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of the case.

22. The Debtor's answer to Question 10 of his Statement of Financial Affairs was "none."

23. Question 11 of the Statement of Financial Affairs provides the following instruction:

> List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificate of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.

24. The Debtor's answer to Question 11 of his Statement of Financial Affairs was "none."

25. Question 18 of the Statement of Financial Affairs provides the following instruction:

> List the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

26. The Debtor's answer to Question 18 of his Statement of Financial Affairs was "none."

27. Within the six years immediately preceding the commencement of the case the Debtor was either an officer, director, partner, or managing executive of one or more of the following businesses:

- Action Skate Parks, Inc.
- CyberQuest Group, Inc.
- CyberQuest Partners, Inc.
- DAIS Holdings, Inc.
- Gray Capital Partners, Inc.
- Hansen Gray & Company, Inc.
- Offshore Products, Inc.
- Prime Account Management, Inc.
- Pulsatron, Inc.
- The Mall Associates, Inc.
- TV Shopping Spree, Inc.
- Vein Associates of America, Inc.
- X Games Parks, Inc.

28. The Debtor executed his petition and schedules under penalty of perjury.

29. As filed, the Debtor's petition, schedules, and statement of financial affairs were false. The Debtor knew his petition, schedules and statement of financial affairs were false when he executed them. The Debtor prepared, signed and caused these items to be filed with

fraudulent intent. The Debtor's omissions relate materially to his bankruptcy case.

30. Specifically, the Debtor knowingly failed to disclose his interest in numerous checking, savings or other financial accounts and certificates of deposit. Upon information and belief, the Debtor either at the time of filing or within one year immediately preceding the commencement of the case had an interest in multiple checking, savings or other financial accounts or certificates of deposit that have not been disclosed.

31. Specifically, the Debtor knowingly failed to disclose payments and/or transfers made for the benefit of creditors and/or insiders within one year immediately preceding the commencement of the case. Upon information and belief, the Debtor either at the time of filing or within one year immediately preceding the commencement of the case made payments or transferred property either to creditors or insiders that have not been disclosed in his schedules and statements.

32. The Debtor's knowing failure to disclose his business interests; his interests in checking, savings or other financial accounts including certificates of deposits; transfers of property and payments to creditors and/or insiders establish grounds for denial of discharge under 11 U.S.C. § 727(a)(2)[1]. The fact that the Debtor signed his petition, schedules and statement of financial affairs under penalty of perjury, while knowingly failing to list all of his assets and the transfer of assets establishes grounds for denial of discharge under 11 U.S.C. §

---

[1] Section 727(a)(2) states that the court shall grant the debtor a discharge, unless the debtor with intent to hinder, delay or defraud a creditor or officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor within one year before the date of the filing of the petition; or property of the estate after the date of the filing of the petition.

727(a)(4)(A)[2]. The fact that the Debtor has failed to explain loss of assets or deficiency of assets to meet his liabilities establishes grounds for denial of discharge under 11 U.S.C. § 727(a)(5)[3].

**WHEREFORE**, the plaintiff Donald F. Walton, United States Trustee, respectfully requests that this Court deny Debtor Mark Edward Gray a DISCHARGE in accordance with 11 U.S.C. §§ 727(a)(2), (a)(4) and (a)(5) and that the Court grant such other further relief as may be appropriate and just. Filed this 1st day of December, 2008.

                                        Respectfully submitted,

                                        DONALD F. WALTON
                                        UNITED STATES TRUSTEE
                                        Region 21

                                        */s/ David S. Weidenbaum*
                                        DAVID S. WEIDENBAUM
                                        Trial Attorney
                                        Georgia Bar No.745892

362 Richard Russell Building
75 Spring Street, SW
Atlanta, Georgia 30303
(404) 331-4437

---

[2]Section 727(a)(4)(A) states that the court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

[3]Section 727(a)(5) states that the court shall grant the debtor a discharge, unless the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.